# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ERIC LEE ERICKSON, #727087,**

    **Plaintiff,**

vs.                                               **Case No. 4:19cv115-MW/CAS**

**OFFICER E. SCARBROUGH,
and OFFICER BEEMAN,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Previously, the pro se Plaintiff clarified that he is a "prisoner" as defined by 28 U.S.C. § 1915(h), ECF No. 8, and he was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b). ECF No. 9. An Order was entered on April 23, 2019, assessing Plaintiff an initial partial filing fee and requiring payment by **May 20, 2019**. ECF No. 11.

A few days later, Plaintiff filed a document which appeared to be another request for in forma pauperis status. ECF No. 12. That request was denied as moot because Plaintiff had already been granted in forma pauperis status. ECF No. 13. To the degree Plaintiff may have been attempting to demonstrate that he had requested funds be sent to him from

an unidentified person or bank, *see* ECF No. 12 at 2, no further action was taken.  ECF No. 13.  Plaintiff was reminded that he must submit the assessed fee by **May 20, 2019**.  *Id.*  Additionally, Plaintiff was reminded that he had also been required to submit an amended complaint.  *Id.* (citing ECF Nos. 5, 9).  Plaintiff was required to do so no later than **May 24, 2019**.  Plaintiff was specifically warned that if he did not comply with those two requirements, a recommendation would be made to dismiss this case.

As of this date, Plaintiff has not complied.  Plaintiff has not filed the amended complaint as directed, nor has he paid the partial filing fee, despite being warned of the consequences.  It appears that Plaintiff has abandoned this litigation.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs."  Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."  Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.,

Case No. 4:19cv115-MW/CAS

556 F.3d 1232, 1240 (11th Cir. 2009). Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on June 20, 2019.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**